UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PEGGY JEAN CLARK  
Plaintiff

-vs-

UNITED STATES OF AMERICA  
Defendant

CIVIL ACTION

NO. 17-2821

SECTION

SECT. B  MAG. 3

VERIFIED COMPLAINT

NOW COMES, the Plaintiff, Peggy Jean Clark, in proper person, who respectfully bring this action and allege upon personal knowledge and belief as to her own acts; and upon information and belief (based on pro se Plaintiff's research) as to all other matters, as to which allegations pro se Plaintiff believe substantial evidentiary support exists or will exist after a reasonable opportunity for discovery, as follows:

PRELIMINARY STATEMENT

1. This case challenges the legality of the Defendant's Agency's employee's acts and/or omissions in producing and issuing to pro se Plaintiff a Department of Defense / Uniformed Services Identification And Privilege Card (DD Form 2765); that resulted in injury.

JURISDICTION

___ Fee_____  
___ Process_____  
_X_ Dktd_____  
___ CtRmDep_____  
___ Doc. No_____

2. This Court has jurisdiction pursuant to Federal Tort Claims Act (FTCA) 28 U.S.C.A. §§ 2401 (b); 1346 (b); §§ 2675-2680.

3. Plaintiff mailed a complaint based on the allegations in this complaint in the amount of $4,145.13 — the breakdown being emotional distress, $4,000.00; June 2015 quarterly Tricare payment of $69.48 and October 2015 quarterly payment of $70.65; $5.00 for Certified copy of Marriage Certificate — to Navy Air Station Joint Reserve Base / Navy Operational Support Center; 400 Russell Avenue / Bldg 492; Belle Chasse, Louisiana 70149.

4. On August 23, 2016 pro se Plaintiff's claim was received by the Department of the Navy, Office of the Judge Advocate General; Tort Claims Unit Norfolk; 9629 Maryland Avenue Suite 205; Norfolk, Virginia 23511-2549.

5. January 24, 2017 is the date of the mailing of the letter from the Department Of The Navy denying pro se Plaintiff's claim. Reference: File Number J161623.

## VENUE

6. The wrongful acts and/or omissions set forth in this complaint occurred within this judicial district, specifically in Belle Chasse, Plaquemine Parish in the State of Louisiana, which is within the Eastern District of Louisiana, pursuant to 28 U.S.C. §1402 (b).

## PARTIES

7. Pro se Plaintiff is a person of legal age and a citizen, resident, and domiciliary of the State of Louisiana who resides and is domiciled in the Parish of St. John the Baptist.

8. Defendant, United State is the United States of America and its Agency.

## FACTUAL ALLEGATIONS

9. On Tuesday, July 7, 2015 at approximately 9:30 AM, pro se Plaintiff arrived at the Navy Air Station Joint Reserve; Navy Operational Support Center, Belle Chasse, Louisiana; office of the Defense Enrollment Eligibility Reporting System (DEERS) workstation.

10. Pro se Plaintiff arrived as a walk-in to renew the Department of Defense / Uniformed Services Identification And Privilege Card previously issued to pro se Plaintiff in 2011.

11. Pro se Plaintiff signed in and took a seat — there were two civilian government employees present at the workstation; plausibly, one Mr. Orlando Rodriquez and one female civilian government employee. Hereafter referred to as "female civilian employee".

12. The female civilian employee called pro se Plaintiff to the counter to update her Identification Card and DEERS information.

13. Pro se Plaintiff's then current Department of Defense / Uniformed Services Identification And Privilege Card and valid Louisiana Driver's License was given to the female civilian employee.

14. Pro se Plaintiff answered correctly each question the female civilian employee asked.

15. Pro se Plaintiff's picture was taken and a printout of the new Department of Defense / Uniformed Services Identification And Privilege Card (DD FORM 2765) was given to pro se Plaintiff to sign.

16. Pro se Plaintiff asked for copies of the application update to verify the personal information and sign the form; and to retain a copy for pro se Plaintiff's record.

17. Pro se Plaintiff signed and returned DD FORM 2765 to the female civilian employee but was not given the printout(s) of the application update that was requested in order to verify the application update form, sign it and retain a copy.

18. The female civilian employee laminated DD FORM 2765 and issued it to pro se Plaintiff.

19. Pro se Plaintiff again restated her request for a copy of the application update to verify, sign off on and retain a copy for her record.

20. The female civilian employee refused pro se Plaintiff's request to verify, sign and retain a copy of the update; stating, we don't do that here.

21. Pro se Plaintiff entreated the female civilian employee to at least allow pro se Plaintiff to read a printout of the updated application even though pro se Plaintiff is not permitted— as per female civilian employee; to verify, sign and retain a copy of the update. To this the female civilian employee agreed.

22. The female civilian employee handed pro se Plaintiff a printout of DD FORM 1172 folded in half.

23. Pro se Plaintiff took notice of the fact that DD FORM 1172 had been printed out and that box #28 — MARITIAL STATUS was blank.

24. Pro se Plaintiff returned DD FORM 1172 to the female civilian employee and stated that there is a problem preventing pro se Plaintiff to access benefits and privileges she is entitled to.

25. The female civilian employee handed pro se Plaintiff a sticky note upon which the phone number for Retired Pay was written and instructed pro se Plaintiff to call the number she had written down to address the problem.

26. On July 7, 2015 the female civilian employee intentionally omitted and/or deleted pro se Plaintiff's personal information from the Defense Enrollment Eligibility Reporting System or in the alternate pretended to process a Department of Defense / Uniformed Services Identification And Privilege Card / DEERS update when in fact the female civilian employee never filled out the necessary form; DD FORM 1172-2, which has replaced the obsolete DD FORM 1172.

27. On July 7, 2015 the female civilian employee did not allow pro se Plaintiff to act as her own sponsor via verifying the personal information on the application update, signing and retaining a copy of the application update.

28. On July 7, 2015 the female civilian employee did not follow the published instructions for completion of DD FORM 1172-2; Application for Identification Card / DEERS Enrollment.

29. Irrespective of the law; the female civilian employee defrauded pro se Plaintiff.

30. Approximately one hour after the female civilian employee's wrongful acts and/or omissions while producing the Department of Defense / Uniformed Services Identification And Privilege Card pro se Plaintiff had reason to know that the DD FORM 2765 issued to pro se Plaintiff is a fraud.

31. Approximately one hour after pro se Plaintiff was issued the fraudulently produced Department of Defense / Uniformed Services Identification And Privilege Card pro se Plaintiff contacted the Army Resource Command Contact Center via phone. Pro se Plaintiff was informed there is not a record in their system under pro se Plaintiff's name or Social Security Number. Pro se Plaintiff was given instructions for how to reapply through the Army Command Contact Center; Reference: Case # 37589531.

32. The female civilian employee's wrongful acts and/or omissions does constitute violation of Louisiana Revised Statute; Title 14 Criminal Law / 2011 Louisiana RS 14:70.7; Unlawful production, manufacturing, distribution, or possession of fraudulent documents for identification purposes.

## CAUSATION

## FRAUD

33. Pro se Plaintiff hereby adopt, incorporates and re-alleges all of the allegations made in paragraphs 1 through 32 of this complaint.

34. Defendant's agency's female civilian employee's wrongful acts and/or omissions reference in paragraphs 18, 20, 22, 25-28, and 29 of this complaint constitutes intentional infliction of injury to pro se Plaintiff. The female civilian employee knowingly issued to pro se Plaintiff a fraudulently produced Department of Defense / Uniformed Services Identification And Privilege Card.

35. The female civilian employee's wrongful acts and/or omissions deprives pro se Plaintiff of "Statutory Entitlements" under the Uniformed Services Former Spouses' Protection Act (USFSPA), 10 U.S.C. §1408 (2000); § 1078 (a); Pub. L. 98-525, the Department of Defense Authorization Act of 1985 expansion of Pub. L. 97- 252.

36. The female civilian employee's conduct is extreme in that whereas she has a duty to follow the instructions for completion of DD FORM 1172-2, "Application for Identification Card / DEERS, and a duty to obey the laws of the State of Louisiana; she wholly abandoned her duties. Instead the female civilian employee intentionally defrauded pro se Plaintiff. And issued to pro se Plaintiff a fraudulent document for identification purposes; in violation of Louisiana

Revised Statute; Title 14 Criminal Law / 2011 Louisiana Law RS 14:70.7; Unlawful production, manufacturing, distribution, or possession of fraudulent documents for identification purposes.

37. The female civilian employee's conduct is so outrageous in character that she has incriminated her own self while simultaneously and paradoxically both victimizing and incrimination pro se Plaintiff, by inventing the conjured up perception that pro se Plaintiff is a felon by virtue of the fact that the fraudulently produced document is in pro se Plaintiff's possession.

38. Pro se Plaintiff's excess emotional distress; as a result of the female civilian employee's intentional infliction of injury has manifested itself through an elevated heart rate — causing pro se Plaintiff to greatly fear for her life. Pro se Plaintiff's excessive emotional distress manifests itself through acute fear for her safety and freedom because it is illegal to be in possession of the fraudulently produced document; DD FORM 2765, which the female civilian employee deceptively issued to pro se Plaintiff. Also pro se Plaintiff's excessive emotional distress manifests itself through frequent sleeplessness, nervousness and excruciating abdominal pain as a result of the agony of deprivation of rights and privileges she is entitled to.

39. Because of the wrongful acts and/or omission ofthe female civilian employee; pro se Plaintiff bewails the fact that pro se Plaintiff's safety and freedom is in jeopardy as per Title 14 Criminal Law; 2011 Louisiana Law — RS 14: 70.7.

40. As a Scope of Liability (Proximate cause); of Defendant's agency's female civilian employee's extreme and outrageous conduct as referenced in paragraphs 35 and 36 pro se Plaintiff has suffered impaired health, loss of access to benefits and privileges, fear for her life, safety and freedom.

41. Pro se Plaintiff verify that only the damages and injuries arising out of the incident on July 7, 2015 but wholly affecting pro se Plaintiff through December 31, 2015 are included in this complaint.

42. If the Defendant, the United States, were a private person, the United States would be liable for pro se Plaintiff's emotional distress in accordance with the law of the place where the wrongful acts and/or omissions occurred. La Code of Criminal Procedure Article 215.

WHEREFORE, Plaintiff, Peggy Jean Clark, pro se prays that:

After due proceedings are had, judgment be entered in her favor and against the Defendant, United States of America for all damages as are reasonable in the premise and for any other and further legal and equitable relief as the court deems necessary and proper.

### VERIFICATION

I, Peggy Jean Clark, pro se Plaintiff, verify (or affirm) under the penalties for perjury under the laws of the United States that the statements and allegations contained in the foregoing Verified Complaint are true and correct to the best of my knowledge, belief and information.

Date: this  03  day of April, 2017.

LOUIS A. GERDES JR
NOTARY # 23800

Sworn to and Subscribed before me this
03 day of April, 20 17.

_____
Notary Public

Respectfully submitted,

*Peggy Jean Clark*
Peggy Jean Clark, pro se
2437 Williamsburg Drive
Laplace, Louisiana 70068
(985) 212-1783

8