UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PEGGY JEAN CLARK | * | CIVIL ACTION |
| v. | * | NUMBER: 17-2821 "B" (3) |
| | * | JUDGE IVAN L.R. LEMELLE |
| UNITED STATES OF AMERICA | * | MAGISTRATE DANIEL KNOWLES |

* * *

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS**

**MAY IT PLEASE THE COURT:**

Defendant, the United States of America, urges this Honorable Court to dismiss Plaintiff's claims pursuant to Rule 12(b)(1).  The Federal Tort Claims Act ("FTCA") waives the United States' sovereign immunity for tort suits and is the exclusive remedy for damages arising from the tortious acts of employees of federal agencies.  However, the FTCA does not waive sovereign immunity for claims arising out of misrepresentation or fraud.

**I.    STATEMENT OF THE CASE.**

Plaintiff Peggy Clark, proceeding in proper person, files suit alleging fraud by the government in issuing her a new identification card, that denied her benefits she claims she is entitled to as a divorced spouse of a military member.  Rec. Doc. 1, Complaint.  Specifically, Plaintiff contends that on July 7, 2015, she visited the Navy Air Station Joint Reserve in Belle Chasse, Louisiana, to renew the Department of Defense/Uniformed Services Identification and Privilege Card (DD Form 2765) previously issued to her in 2011.  *Id.*, at ¶¶ 9, 10, 15.

1

Although Plaintiff was issued a laminated DD Form 2765 on this date, the civilian government employee who assisted her allegedly refused to provide Plaintiff with a copy of her updated application. *Id.*, at ¶¶ 17, 18, 19. The civilian government employee, however, permitted Plaintiff to review the updated application. *Id.*, at ¶ 21.

Upon review, Plaintiff states that box # 28 (marital status) on the application was blank. *Id.*, at ¶ 23. Plaintiff also alleges that she advised the government employee that a problem existed which prevented Plaintiff from accessing benefits and privileges to which she is entitled. *Id.*, at ¶ 24. Plaintiff was provided a phone number, which she could contact about the perceived problem. *Id.*, ¶ 25.

Plaintiff claims that on July 7, 2015, the civilian government employee intentionally omitted and/or deleted her personal information from the Department of Defense/Uniformed Services Identification and Privilege Card. *Id.*, at ¶ 26. Further, Plaintiff alleges that the civilian employee who handled her updated application failed to follow published instructions. *Id.*, at ¶ 28. According to Plaintiff, the civilian government employee defrauded her and the Department of Defense/Uniformed Services Identification and Privilege Card issued to her was fraudulent. *Id.*, at ¶¶ 30, 31. Plaintiff contends that the civilian government employee violated Louisiana criminal law. *Id.*, at ¶ 32. Plaintiff seeks compensation for loss of benefits and the emotional distress this incident has caused her. *Id.*, at ¶ 40.

## II.   STANDARD OF REVIEW.

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject-matter jurisdiction of a federal district court.   A claim is properly dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim.  *See Home Builders Assoc., Inc. v. Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).   Because federal courts are courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims.   *See, e.g., Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).   Thus, a federal court must dismiss an action whenever it appears that subject-matter jurisdiction is lacking.   *Id.*   The burden of proof on a motion to dismiss under Rule 12(b)(1) is on the party asserting jurisdiction.   *Id.*

In considering a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction "a court may evaluate: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."   *Den Norske Stats v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

## III.   AS WITH ALL WAIVERS OF SOVEREIGN IMMMUNITY, THE LANGUAGE OF THE FTCA SHOULD BE NARROWLY CONSTRUED IN FAVOR OF THE UNITED STATES.

The United States as a sovereign nation is immune from suit except as the United States has consented to be sued.  *Williamson v. U.S. Department of Agriculture*, 815 F.2d 368, 373 (5th Cir.1987).   One of the vehicles by which the United States has consented to be sued is the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–80.   The FTCA provides that the United States can be liable in tort for any negligent or wrongful act or omission of any employee of the Government

3

while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.  28 U.S.C. § 1346(b).  Congress, however, adopted several exceptions to this consent to be sued, which must be strictly construed in favor of the United States. *Atorie Air v. F.A.A.*, 942 F.2d 954, 958 (5th Cir.1991).

An exception to the FTCA that is relevant to this case bars claims against the United States "arising out of ... misrepresentation, deceit, or interference with contract rights."  28 U.S.C. § 2680(h).  This exclusion encompasses claims for negligent as well as intentional misrepresentation.  *Williamson*, 815 F.2d at 377.  It also covers both affirmative acts of misrepresentation and omissions of material fact.  *Paul v. United States*, 929 F.2d 1202 (7th Cir.1991).  Moreover, causes of action distinct from those excepted under section 2680(h) are nevertheless, barred when the underlying governmental conduct "essential" to the plaintiff's claim can be fairly read to "arise out of" conduct that would establish an excepted cause of action. *Atorie*, 942 F.2d at 958.  For example, a plaintiff cannot avoid the reach of § 2680(h) by framing his complaint in terms of negligent failure to prevent the excepted harm.  *Garcia v. United States*, 776 F.2d 116, 118 (5th Cir.1985).  Accordingly, Plaintiff's suit, claiming fraud, should be dismissed.  *See McNeily v. United States*, 6 F.3d 343, 349 (5th Cir.1993) (referring to § 2680(h) as the "fraud and misrepresentation" exception to the FTCA); *United States v. Texarkana Trawlers*, 846 F.2d 297, 304 (5th Cir.1988) (citations omitted) (finding that the FTCA bars claims for fraud against the federal government); *Mackey v. Veterans of Affairs*, 2002 WL 171701 (N.D. Tex. 2002) (holding that under the FTCA the plaintiff could not sue the Department of Veterans Affairs for fraud).

4

## IV.     CONCLUSION.

Defendant, the United States of America, prays that this Motion be granted and that Plaintiff's claims be dismissed for want of jurisdiction.

Respectfully submitted,

**DUANE A. EVANS**
**ACTING UNITED STATES ATTORNEY**

s/ *Sandra Ema Gutierrez*
Sandra Ema Gutierrez (#17888)
Assistant United States Attorney
650 Poydras Street, 16th Floor
New Orleans, Louisiana   70130
Telephone:   (504) 680-3000
email: Sandra.Gutierrez@usdoj.gov
