UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PEGGY JEAN CLARK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-2821** |
| **UNITED STATES OF AMERICA** | **SECTION "B"(3)** |

### ORDER AND REASONS

Before this Court is Defendant's, the United States of America (the "Defendant"), "Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure" (Rec. Doc. 8), Plaintiff's "Opposition to the Motion" (Rec. Doc. 9), and the Defendant's "Reply to the Opposition" (Rec. Doc. 12).

For the reasons outlined below,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **GRANTED.**

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On Tuesday, July 7, 2015 at 9:30 AM, Plaintiff arrived at the Navy Air Station Joint Reserve Center in Belle Chasse, Louisiana where she attempted to renew her Department of Defense/Uniformed Services Identification and Privilege Card previously issued to her in 2011. (Rec. Doc. 1 at 3). A government employee gave Plaintiff a Department of Defense/Uniformed Services and Privilege Card (DD Form 2765) to sign. *Id.*

The government employee denied the Plaintiff a copy of the form but the government employee did allow Plaintiff to review a laminated DD Form 2765. *Id.* at 4. Upon review of the document, Plaintiff noticed

1

that the box #28 (marital status) was blank. *Id.* Additionally, Plaintiff informed the government employee that there previously existed an issue that prevented her from accessing benefits and privileges she was entitled. *Id.* The government employee gave Plaintiff a phone number, which she could contact with her concerns. *Id.*

Plaintiff alleged on July 7, 2015, the government employee intentionally omitted and/or deleted her personal information from the Defense Enrollment Eligibility Reporting System or pretended to process a Department of Defense/Uniformed Services Identification and Privilege Card. *Id.* at 5. Additionally, Plaintiff alleged that the employee who handled her updated application failed to follow displayed instructions. *Id.* Plaintiff argued that the government employee defrauded her and issued her a fraudulent Department of Defense/Uniformed Services Identification and Privilege Card. *Id.* Plaintiff seeks compensation for the loss of benefits as well as the emotional distress inflicted upon her. *Id.* at 7.

On June 9, 2017 the Defendant filed a motion to dismiss on the grounds that the Plaintiff lacked subject matter jurisdiction. (Rec. Doc. 8 at 1). The Defendant argued that the claim falls under an exception to the Federal Tort Claims Act ("FTCA") and Plaintiff could not bring the case forward. *Id.* Plaintiff argues that the FTCA exception does not apply to state law claims of infliction of emotional distress. (Rec. Doc. 9 at 4). Defendant counters that Plaintiff obfuscated the lack of subject matter jurisdiction by characterizing her claim as one of intentional infliction of emotional distress

2

instead of a claim of fraud that led to emotional distress. (Rec. Doc. 12 at 1).

**Law and Analysis**

A party may invoke Federal Rule of Civil Procedure 12(b)(1) to challenge a district court's subject matter jurisdiction. *See Dow Agrosciences, LLC v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003). The court must grant a motion to dismiss for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The party who invokes federal court jurisdiction bears the burden of showing that jurisdiction is proper. *Bates*, 332 F.3d at 326.

"In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats v. HereMac Vof*, 241 F.3d 420, 424; *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

A plaintiff may bring suit against the United States through the FTCA. 28 U.S.C. § § 1346, 2671-80. "The FTCA provides that the United States can be liable in tort for any negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in

accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). An FTCA claim cannot be brought against the United States if the claim arises "out of . . . misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). This exclusion encompasses claims from both negligent and intentional misrepresentation. *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 377 (5th Cir. 1987). The Fifth Circuit has already defined the phrase "arising out of." In *Truman v. United States*, the court stated that:

> To determine whether a claim is one "arising out of" any of these enumerated torts, we focus on the conduct upon which the plaintiff's claim is based. If the conduct upon which a claim is based constitutes a claim "arising out of" any one of the torts listed in section 2680(h), then the federal courts have no jurisdiction to hear that claim. Even if a plaintiff styles a claim so that it is not one that is enumerated in section 2680(h), the plaintiff's claim is still barred "when the underlying governmental conduct 'essential' to the plaintiff's claim can fairly be read to 'arise out of' conduct that would establish an excepted cause of action." Thus, the FTCA bars a claim based on conduct that constitutes a tort listed in section 2680(h), even though that conduct may also constitute another tort not listed in section 2680(h). Similarly, a plaintiff cannot circumvent the purpose of section 2680(h) by "framing his complaint in terms of [the government's] negligent failure to prevent the excepted harm." Thus we held in *Garcia v. United States*, that a plaintiff could not evade the reach of section 2680(h) by raising a claim for negligence in the supervision of a military recruiter who allegedly assaulted the plaintiff. For the purposes of section 2680(h), Garcia's negligence claim arose out of an assault and battery.

26 F.3d 592, 594-95 (5th Cir. 1994).

Plaintiff bears the burden of demonstrating federal subject matter jurisdiction. *Bates*, 332 F.3d at 326. Plaintiff cites three cases to support her argument that she has a standalone claim for intentional infliction of emotional distress that is not based on fraud or misrepresentation. *Id.* at 4-7. Consequently, she argues that she

4

has established federal question jurisdiction pursuant to the FTCA. However, Plaintiff's contentions are not persuasive.

First, Plaintiff cites *Jimenez-Nieves v. United States*, where the plaintiff there, Jimenez, sued the United States Government over a clerical error where a Social Security Office Administrator incorrectly dated Jimenez' mothers death as 1975, instead of 1976. 682 F.2d 1, 1 (1st Cir. 1982). As a result of the error, Mr. Jimenez claimed that several banks required him to pay back money from checks his mother had endorsed. *Id.* The court held that the clerical error was not the cause of the plaintiff's injury, but rather "the internal bureaucratic cause of other agency action(s)" that led to third parties (several banks) committing tortious acts against Mr. Jimenez. *Id.* at 5. The court reasoned that Mr. Jimenez did not rely on the misrepresentation so the Government could not argue misrepresentation. *Id.* By citing this case, Plaintiff argued that her pain and suffering did not arise from the government employee's fraudulent acts, but that a third party intentionally inflicted emotional distress upon her. However, Plaintiff does not sufficiently allege that in her complaint.

Second, Plaintiff cited *Kohn v. United States*, where the Kohn sued the United States Government when the Government misrepresented the circumstance around his son's (an Army Private) death. *Kohn v. United States*, 680 F.2d 922, 925 (2nd Cir. 1982). The Government withheld information that Mr. Kohn's son was the victim of manslaughter and the perpetrator was another Army soldier. *Id.* The court held that the claim could not be dismissed for lack of subject matter

5

jurisdiction because the claim was not commercial in nature. *Id.* Courts have held that the FTCA fraud exception is only applicable when the injury occurred from a commercial decision, where an individual relied on the advice of a government employee to his own economic detriment. *Green v. United States*, 629 F.2d 581, 584 (9th Cir. 1980); *See United States v. Neustadt*, 366 U.S. 696, 710 (1961). In *Kohn*, the court reasoned that Mr. Kohn's injury did not arise from an economic loss, but the loss of his son, so the FTCA fraud exception did not apply. *Kohn*, 680 F.2d at 925. Here, Plaintiff argues that because she experienced emotional distress, her claim is non-commercial and is not covered by the fraud exception. However, unlike in *Kohn*, where the government's misrepresentation dealt with the loss of human life (something non-economic), the government employee allegedly defrauded Plaintiff by erasing her information from a database that led to a financial loss (Rec. Doc. 1 at 3). Since Plaintiff's injury relates directly to an economic loss, this is a commercial injury and *Kohn* is inapplicable.

Finally, Plaintiff cites *Waffen v. United States Dep't of Health & Human Services*, where the National Institutes of Health ("NIH") misplaced the Plaintiff's medical report that advised further examination. *Waffen v. United States Dep't of Health & Human Services*, 799 F.2d 911, 914 (4th Cir. 1986). Later, doctors diagnosed the Plaintiff with a malignant infiltrating carcinoma and gave her no hope of long-term survival. *Id.* She sued the NIH. *Id.* The court held that although there was a delay in the treatment, the Plaintiff failed to

prove that the delay caused by NIH's negligence substantially reduced her chance of survival. *Id.* at 923. It is unclear why Plaintiff cited this case since it does not discuss the issues before the court today. *Waffen* provides a discussion between legal injury and proximate cause, which has no application to this case. Consequently, Plaintiff's attempt to establish subject matter jurisdiction are unavailing and this court does not find there to be federal question jurisdiction based on the applicable law and the complaint.

New Orleans, Louisiana, this 25th day of September, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE